UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

SHANE JOSEPH CARLINE,

                Plaintiff,

v.

BROOKS CORRECTIONAL FACILITY et al.,

                Defendants.

_____/

Case No. 1:25-cv-241

Honorable Ray Kent

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983.  The Court has granted Plaintiff leave to proceed *in forma pauperis* in a separate order. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. (ECF No. 1, PageID.5.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros.,*

*Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

consent from the defendants[; h]owever, because they had not been served, they were not parties

to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal

law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted,

or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2),

1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see*

*Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they

are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying

these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I.    Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC)

at the Carson City Correctional Facility (DRF) in Carson City, Montcalm County, Michigan. The

events about which he complains, however, occurred at the Earnest C. Brooks Correctional Facility

(LRF) in Muskegon Heights, Muskegon County, Michigan. Plaintiff sues LRF itself, MDOC

Office of Legal Affairs Manager Robert Russell in his official and personal capacities, and the

following LRF personnel in their official and personal capacities: Warden Chris King, Resident

Unit Manager Unknown Fager, Assistant Resident Unit Managers Unknown Boinkins and

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017)
(concluding that, when determining which parties are required to consent to proceed before a
United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the
United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a
screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c));
*Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for
the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207
n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning
in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

Unknown Short, Sergeants Unknown Jensen and Unknown Wakefield, and Mental Health Professional Unknown Ackerman.

Plaintiff alleges that staff at LRF conducted a mass shakedown on February 3, 2023. (Compl., ECF No. 1, PageID.4.) During the shakedown, Defendant Fager told Defendant Ackerman to "go into each room and remove [and] unplug TVs and cable cords that were attached to 3[-]way splitters." (*Id.*) Plaintiff alleges that Defendant Ackerman tampered with his TV by "unplugging[,] moving[,] drop[p]ing[,] and/or spilling" something on it. (*Id.*) Plaintiff contends that he had purchased the TV less than a year before the shakedown and that it was still covered by the one-year warranty. (*Id.*) When Plaintiff returned to his room and plugged his TV in, the TV "started to spark and blew the power." (*Id.*)

Plaintiff asked to speak to Defendant Jensen, who had Defendant Wakefield inspect the TV and collect it. (*Id.*) Plaintiff contends that Defendants Jensen and Wakefield wrote memos to Defendant King "that [Plaintiff's] TV was not altered in any way and was broken due to mishandling during [the] mass shakedown." (*Id.*) Plaintiff continuously wrote to the business office, as well as Defendants Fager, Boinkins, and Short, about reimbursement. (*Id.*) According to Plaintiff, Defendants Fager, Boinkins, and Short lied to him that his reimbursement was approved, and that Plaintiff would soon receive a replacement. (*Id.*) Defendant Fager also told Plaintiff that the TV could not be turned in under the warranty because the administration would not cover the $25.00 cost. (*Id.*)

After "waiting 14 months well past [the] warranty," Defendant Russell informed Plaintiff that his request for reimbursement was denied "without any reason and that [Plaintiff] was getting nothing." (*Id.*) Plaintiff avers that all Defendants are "directly responsible for the d[e]struction [and] theft of [his] personal property."

Based upon the foregoing, the Court construes Plaintiff's complaint to assert Fourteenth Amendment procedural due process claims against all Defendants premised upon the loss of his TV. Plaintiff seeks "unspecified monetary compensation," as well as a new TV "covered under a one year warranty." (*Id.*, PageID.5.) He also asks that the amount of the TV be exempt from any collections "with [a] stipulation [that] the amount to be spent [go towards] 'only' on a replacement TV and nothing else." (*Id.*)

## II.    Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). As set forth above, the Court has construed Plaintiff's complaint to set forth Fourteenth Amendment procedural due process claims premised upon the loss of his TV.

### A.    Official Capacity Claims

As set forth above, Plaintiff sues the individual Defendants in their personal and official capacities. A suit against an individual in his or her official capacity is equivalent to a suit against the governmental entity; in this case, the MDOC. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). The states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). Moreover, the State of Michigan (acting through the MDOC) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002) (citing *Will*, 491 U.S. at 66).

Here, Plaintiff seeks damages as well as injunctive relief in the form of provision of a new TV. (Compl., ECF No. 1, PageID.5.) However, as noted above, the MDOC is not a "person" who

may be sued under § 1983 for money damages. Therefore, Plaintiff may not seek monetary damages against Defendants in their official capacities.

Although damages claims against official capacity defendants are properly dismissed, an official capacity action seeking injunctive or declaratory relief constitutes an exception to sovereign immunity. *See Ex Parte Young*, 209 U.S. 123, 159–60 (1908) (holding that the Eleventh Amendment immunity does not bar prospective injunctive relief against a state official). The United States Supreme Court has determined that a suit under *Ex Parte Young* for prospective injunctive relief should not be treated as an action against the state. *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985). Instead, the doctrine is a fiction recognizing that unconstitutional acts cannot have been authorized by the state and therefore cannot be considered done under the state's authority. *Id.*

Nonetheless, the Supreme Court has cautioned that, "*Ex parte Young* can only be used to avoid a state's sovereign immunity when a 'complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Ladd v. Marchbanks*, 971 F.3d 574, 581 (6th Cir. 2020) (quoting *Verizon Md. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)). Past exposure to an isolated incident of illegal conduct does not, by itself, sufficiently prove that the plaintiff will be subjected to the illegal conduct again. *See, e.g.*, *Los Angeles v. Lyons*, 461 U.S. 95 (1983) (addressing injunctive relief); *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (addressing declaratory relief). A court should assume that, absent an official policy or practice urging unconstitutional behavior, individual government officials will act constitutionally. *Lyons*, 461 U.S. at 102.

In the present action, Plaintiff does not allege the existence of an official policy or practice, or suggest that the activities alleged in the complaint are likely to occur to him again. Instead,

8

Plaintiff's allegations relate solely to past harm, not future risk of harm. Moreover, the Sixth

Circuit has held that transfer to another correctional facility moots a prisoner's injunctive and

declaratory claims. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (holding that a prisoner-

plaintiff's claims for injunctive and declaratory relief became moot when the prisoner was

transferred from the prison about which he complained); *Mowatt v. Brown*, No. 89-1955, 1990

WL 59896 (6th Cir. May 9, 1990); *Tate v. Brown*, No. 89-1944, 1990 WL 58403 (6th Cir. May 3,

1990); *Williams v. Ellington*, 936 F.2d 881 (6th Cir. 1991). Here, Plaintiff is no longer confined at

LRF, which is where he avers that Defendants are employed. Thus, Plaintiff cannot maintain his

claims for injunctive relief against Defendants, and those claims will be dismissed.

Accordingly, for the foregoing reasons, Plaintiff has failed to state a claim against

Defendants in their official capacities upon which relief can be granted. Accordingly, Plaintiff's

official capacity claims against Defendants will be dismissed for failure to state a claim.

## B.      Personal Capacity Claims

### 1.      Defendant LRF

Plaintiff has named LRF itself as a Defendant in this action. LRF, however, is not a separate

entity capable of being sued. As this Court noted in *Ryan v. Corizon Health Care*, No. 1:13-cv-

525, 2013 WL 5786934 (W.D. Mich. Oct. 28, 2013), "individual prisons named as Defendants

 . . . (ICF, IBC, LRF and RGC) are buildings used by the MDOC to house prisoners. They are not

the proper public entity for suit." *Id.* at *7; *see also Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir.

2002) ("The McCracken County Jail is not a legal entity susceptible to suit . . . [; i]t is a department

of the county . . . ."); *Caruthers v. Corr. Medical Serv., Inc.*, No. 1:10-cv-274, 2010 WL 1744881,

at *1 (W.D. Mich. Apr. 27, 2010) ("The Duane Waters Hospital is not an entity capable of being

sued. Rather, it is a building owned by the Michigan Department of Corrections."); *Poole v.*

*Michigan Reformatory*, No. 09-CV-13093, 2009 WL 2960412, at *1 (E.D. Mich. Sept. 11. 2009)

("Plaintiff names the Michigan Reformatory, the Earnest C. Brooks Correctional Facility, and the Macomb Correctional Facility as defendants in this action. Those entities, however, are institutions operated by the MDOC and are not . . . legal entities subject to suit . . . .").

Furthermore, § 1983 expressly requires that a named defendant be a "person." *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). However, as set forth above, neither the State of Michigan nor the MDOC is a "person" within the meaning of § 1983. *See Will*, 491 U.S. at 66. Thus, because LRF is not an entity separate from the MDOC, it is not a "person" under § 1983 either. *See, e.g.*, *Tinney v. Detroit Reentry Center*, No. 2:19-CV-10894-TGB, 2020 WL 4334964, at *2 (E.D. Mich. July 28, 2020) (stating "[a] state prison facility is not a person . . . capable of being sued under § 1983"); *Ward v. Healthcare Clinic*, No. 16-10646, 2016 WL 3569562, at *1 (E.D. Mich. July 1, 2016) (same); *Poole*, 2009 WL 2960412, at *1 (same). Moreover, even if Plaintiff had identified the MDOC or the State of Michigan as a Defendant, those entities, as noted above, are immune from suit under the Eleventh Amendment. Accordingly, for the foregoing reasons, LRF will be dismissed as a Defendant.

### 2.    Remaining Defendants

The Court has construed Plaintiff's complaint to assert Fourteenth Amendment procedural due process claims premised upon the loss of his TV. Such claims, however, are barred by the doctrine set forth in *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986). Under *Parratt*, an individual deprived of property by a "random and unauthorized act" of a state employee cannot maintain a federal due process claim unless the state fails to afford an adequate post-deprivation remedy. If an adequate post-deprivation remedy exists, the deprivation, while real, is not "without due process of law." *Id.* at 537. This doctrine applies to both negligent and intentional deprivations of property, as long as the deprivation was not pursuant to an established state procedure. *See Hudson v. Palmer*, 468 U.S. 517, 530–36

10

(1984). Plaintiff must plead and prove the inadequacy of state post-deprivation remedies. *See Copeland v. Machulis*, 57 F.3d 476, 479–80 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). The Sixth Circuit has noted that a prisoner's failure to sustain this burden requires dismissal of his § 1983 due process action. *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985).

Here, Plaintiff fails to allege that his state post-deprivation remedies are inadequate. Although Plaintiff has provided exhibits indicating that his property loss claim was denied by the State Administrative Board (ECF No. 1-1, PageID.10), Plaintiff has available to him other state post-deprivation remedies. Michigan law authorizes actions in the Court of Claims asserting tort or contract claims "against the state and any of its departments or officers." Mich. Comp. Laws § 600.6419(1)(a). The Sixth Circuit has specifically held that Michigan provides adequate post-deprivation remedies for deprivation of property. *See Copeland*, 57 F.3d at 480. Plaintiff fails to allege any reasons why a state-court action would not afford him complete relief for the deprivation, either negligent or intentional, of any personal property. Accordingly, for the foregoing reasons, Plaintiff cannot maintain his Fourteenth Amendment procedural due process claims regarding the deprivation of his TV.

## Conclusion

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore*, 114 F.3d at 611. Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith.

Should Plaintiff appeal this decision, the Court will assess the $605.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610–11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $605.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:    March 12, 2025                          /s/ Ray Kent
                                                  Ray Kent
                                                  United States Magistrate Judge

12